UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L COLLINS,<br><br>        Plaintiff,<br><br>    v.<br><br>XL CONSTRUCTION, et al.,<br><br>        Defendants. | No. 2:19–cv–1530 TLN–KJN PS<br><br><u>RECOMMENDATIONS TO DISMISS AND TO GRANT LEAVE TO AMEND ONLY TITLE VII CLAIMS</u><br><br>(ECF No. 11.) |

      This action concerns a dispute between Plaintiff Derrick L. Collins, who is proceeding without counsel in this action, and Defendants XL Construction, Southwest Hazard Control ("SHC"), SHCCA, Inc., and Chrisann Karches.[1] (ECF No. 1.) Plaintiff asserts claims under Title VII for race discrimination, as well as an "Equal Pay Act" claim, a "Whistleblower Protection Act" claim, and a claim for "Retaliation." (See Id. at p. 4.) Defendants SHC, SHCCA, and Karches now move to dismiss for failure to state a claim, which Plaintiff opposes.[2] (ECF Nos. 11, 16, 17.) The Court heard oral arguments at a January 30, 2020 hearing. (See ECF No. 18.)

      For the reasons that follow, the Court recommends Defendants' motion to dismiss be GRANTED, and Plaintiff be GRANTED leave to amend only his Title VII claims.

---

[1] This action proceeds before the undersigned per Local Rule 302(c)(21).

[2] As of the time of this order, Defendant XL Construction has yet to be served. Thus, "Defendants" refers to SHC, SHCCA, and Karches.

1

**Background**[3]

In March of 2019, Plaintiff was hired by SHC[4] for lead and asbestos abatement. He was assigned to a project in Roseville, for which SHC was subcontracted; XL Construction was the main contractor. On March 29, while Plaintiff was working on a ladder, an XL supervisor named Antonio "decided to get on [a] tile remover machine and start driving it all around [the] work area." When Antonio "came dangerously close (inches) to the ladder," Plaintiff told him "do not get that close to me." Antonio disregarded Plaintiff, and so Plaintiff informed his foreman he was leaving work. Plaintiff alleges it was "common" for Antonio to harass him "for no reason." Plaintiff was later told by XL to not return until after an investigation was completed.

After receiving a right to sue letter from the California Department of Fair Employment an Housing ("DFEH"), Plaintiff filed suit in this Court. Plaintiff asserted claims of race discrimination and retaliation under Title VII, as well as claims for violation of the "Equal Pay Act" and the "Whistleblower Protection Act." Plaintiff alleges PTSD, emotional distress, pain and suffering, depression, and anxiety. He seeks lost wages, $25,000 in damages and $30,000 in punitive damages. Defendants SHC, SHCCA, and Karches moved to dismiss, and Plaintiff opposed. (ECF Nos. 11, 16, 17.)

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). When a court considers whether a

---

[3] These facts derive from the Complaint and attachments, and are construed in the light most favorable to Plaintiff, the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); see also Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider . . . exhibits attached to the complaint[.]").

[4] It is possible SHCCA was Plaintiff's employer. For simplicity, the Court refers to SHC only.

complaint states a claim upon which relief may be granted, all well-pled factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Parties' Arguments**

Defendants argue Plaintiff's Complaint fails to state a Title VII claim, as it lacks facts to indicate that Plaintiff was discriminated against on the basis of his race, or that he exhausted his administrative remedies on the retaliation claim. Further, Defendants argue the Equal Pay Act is inapplicable, as it protects against sex discrimination, and the Whistleblower Act claim cannot be responded to because Defendants are unsure what source of law Plaintiff relies on. (ECF No. 11.)

Plaintiff's half–page opposition deems the motion to dismiss "a waste of the court's time and resources," and that the record is not sufficiently developed. He otherwise requests an opportunity to amend. (ECF No. 16.)

**Analysis**

As Plaintiff does not specifically oppose Defendants' motion to dismiss, and instead requests an opportunity to amend, the Court recommends dismissal. However, not all of Plaintiff's claims may be amended. For clarity, the Court recites the standards for each claim and informs Plaintiff which claims can be amended.

**I.      Plaintiff's Title VII race discrimination claim may be amended.**

Title VII of the 1964 Civil Rights act makes it an unlawful employment practice for an employer to "discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race . . . ." 42 U.S.C. 2000e–2(a)(1). Thus, any harassment Plaintiff is subjected to must have occurred "because of his race." Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003); Kortan v. State of Cal., 5 F. Supp. 2d 843, 850 (C.D. Cal. 1998) ("[H]arassment must come because of the plaintiff's protected characteristic.").

Here, Plaintiff checked the box "Race" on his form Complaint, as well as in the DFEH charge, but does not explicitly identify what is his race. (ECF No. 1 at pp. 5, 19.) The Court notes from the demographic sheet appended to the Complaint that Plaintiff is African American—a protected class. (Id. at p. 26.) However, the Court finds no allegation that Defendants acted as they did *because of* Plaintiff's race. (See Id.) Instead, the bulk of Plaintiff's narrative concerns an apparent safety dispute between Plaintiff and an employee of XL Construction. (See Id.) This, of course, does not fall under the purview of Title VII. See, e.g., Mayes v. Kaiser Found. Hosps., 917 F. Supp. 2d 1074, 1079 (E.D. Cal. 2013) ("Although plaintiff describes some of the events leading to his termination, he provides no meaningful detail suggesting the termination was because of his race[.]"). Thus, Plaintiff's discrimination claim must be dismissed.

Further, at the January 30 hearing, the Court asked Plaintiff about the facts underlying his Title VII claims. Plaintiff stated he "wanted to reserve those issues for discovery," and did not otherwise elaborate on the facts. Plaintiff's responses give the Court pause as to whether to allow amendment, but given his pro se status, amendment will be permitted. Moving forward, Plaintiff must include in his complaint plausible facts that allows the court to reasonably infer that Defendants are liable for any alleged race discrimination. Iqbal, 556 U.S. at 678.

The Court notes that Plaintiff's Complaint includes an allegation of harassment. (See ECF No. 1 at p. 9.) If Plaintiff chooses to amend this claim to focus on this allegation, he should mind the pleading standards for Title VII discrimination claims. See O'Bard-Honorato v. O'Rourke, 2019 WL 4451234, at *4 (C.D. Cal. Apr. 24, 2019) ("To allege a prima facie claim of discrimination based on race under Title VII, a plaintiff must allege sufficient facts showing that [he] (1) belongs to a protected class, (2) was performing [his] job satisfactorily, (3) sustained an adverse employment action, and (4) similarly situated individuals outside the protected class were treated more favorably.") (quoting McDonnell Douglas Corp v. Green, 411 U.S. 792, 802); Rohm v. Homer, 367 F. Supp. 2d 1278, 1285–86 (N.D. Cal. 2005) ("To establish a prima facie hostile work environment claim under Title VII . . . a plaintiff must show that '(1) [he] was 'subjected to verbal or physical conduct' because of [his] race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment.'") (quoting Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir. 2003). Further, Title VII only makes an employer liable, not the individual employees—including upper–level management. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993) ("Title VII limits liability to employers [and not] individual employees"). Plaintiff is advised of his responsibilities to under Rule 11 to only make assertions for which there is a factual basis.[5]

///

///

///

---

[5] Federal Rule of Civil Procedure 11 states:
> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > …
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"

## II. Plaintiff may amend his retaliation claim—but only after considering the Court's cautionary note.

Plaintiff lists a "Retaliation" claim on his form Complaint, which Defendants challenge on failure to exhaust grounds. See 42 U.S.C. § 2000(e)-16(c); Sommatino v. U.S., 255 F.3d 704, 707 (9th Cir. 2001). However, the Ninth Circuit instructs that "[a]dministrative charges are to be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002). Given that Plaintiff raised a race discrimination issue with the DFEH and was granted a right to sue letter, it is reasonable to assume the DFEH's investigation would have included a related race–based retaliation charge. See Vasquez v. County of Los Angeles, 349 F.3d 634, 645 (9th Cir. 2003) (finding the plaintiff had exhausted his administrative remedies with regard to retaliation by his supervisor because, "[w]hile the EEOC charge does not contain the relevant legal theory of retaliation, it does contain the relevant factual allegations."). The right–to–sue form provided by DFEH allows a charging party to check a box—which Plaintiff did—indicating he was "[d]enied a work environment free of discrimination and/or retaliation." Further, the facts indicate that Plaintiff was effectively suspended because of the incident, indicating some causal connection. Simply, the retaliation claim probably rises or falls with the discrimination claim, and the undersigned will not take up Defendants' argument to dismiss the retaliation claim on exhaustion grounds.

However, as with the discrimination claim, the Complaint falls short of federal pleading standards for a retaliation claim. "To establish a prima facie case of retaliation, [plaintiff] must show that he undertook a protected activity under Title VII, his employer subjected him to an adverse employment action, and there is a causal link between those two events." Reynaga v. Roseburg Forest Prod., 847 F.3d 678, 693 (9th Cir. 2017). Key to any prima facie case is an allegation that the plaintiff's protected activity demonstrates he objected to an act prohibited by Title VII, such as race or sex discrimination. See 42 U.S.C. 2000e–3(a). ("It shall be an unlawful employment practice for an employer to discriminate against [an] employee . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . .").

6

Here, Plaintiff fails to provide facts showing that he undertook a protected activity. The Complaint states that Plaintiff told his supervisor he was leaving work due to a co–worker's allegedly-hazardous acts, and was subsequently suspended. The text messages appended to Plaintiff's Complaint corroborates this alleged fact—that Plaintiff's accusations made to his supervisors concerning his co–worker's unsafe acts. (See ECF No. 1 at pp. 28–36.) Thus, the core of Plaintiff's alleged "protected activity" concerns a workplace-safety issue and not, as the check-box on Plaintiff's form Complaint indicates, race discrimination. Workplace safety is not a protected activity under Title VII, requiring the claim to be dismissed. See, e.g., Martinez v. Marmaxx Grp., 2010 WL 11579688, at *2 (D. Nev. June 7, 2010) ("[Plaintiff] claims [defendant] fired him because he complained that Rocha had been harassing him and because he reported Rocha for violating [OSHA]. [Plaintiff] does not allege, as is required under Title VII, that [defendant] terminated him for complaining that [defendant] had discriminated against him or an fellow employee based upon race, color, religion, sex, or national origin."); Padilla v. Bechtel Const. Co., 2007 WL 1219737, at *6 (D. Ariz. Apr. 25, 2007) ("[N]o retaliation claim exists under Title VII for an employer's refusal to rehire an employee for reporting safety violations to the EEOC. Elimination of safety violations in employment does not 'fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.'").

Given the Court's liberal treatment of pro se pleadings, and the "utmost liberality" command from the Ninth Circuit regarding exhaustion, Plaintiff should have an opportunity to amend the retaliation claim. However, Plaintiff is strongly cautioned that representations made in pleadings must have a factual basis. See Fed. R. Civ. P. 11 (footnote 5, above); see also Local Rule 110 (noting that a party's failure to comply with the rules or order of the court "may be grounds for imposition by the Court of any and all sanctions," including monetary sanctions up through terminating sanctions)  Thus, if Plaintiff has no other evidence to show he complained to his supervisors about any race–based discrimination prior to being suspended in March 2019, he should not include a retaliation claim in his First Amended Complaint. See, e.g., Learned v. City of Bellevue, 860 F.2d 928, 932 (9th Cir. 1988) (affirming dismissal of retaliation claim because the plaintiff "did not allege that he ever opposed any discrimination based upon race, color,

religion, sex, or national origin.")

### III. Plaintiff's "Equal Pay Act" and "Whistleblower Protection Act" claims should be dismissed as frivolous.

Plaintiff alleges a violation of the "Equal Pay Act." (See ECF No. 1 at p. 4.) It appears Plaintiff was intending to assert a claim concerning the differential in pay between what SHC initially told him ($35/hour) and what he agreed to ($30/hour). (Id. at p. 8.) However, as Defendant notes, the Equal Pay Act concerns sex discrimination, which is not at issue here. See 29 U.S.C. § 206 ("No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex . . . ."). Thus, Plaintiff's "Equal Pay Act" claim should be dismissed as a legally frivolous claim. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider.") (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

The same conclusion holds true for Plaintiff's listing of a "Whistleblower Protection Act" claim. Plaintiff does not cite a source of law, nor does he provide any facts concerning any whistleblowing—leaving Defendants and the Court at a loss as to the basis for Plaintiff's claim. Thus, this claim should also be dismissed as frivolous. See Cook, 775 F.2d at 1035.

Given the frivolity of these claims, the Court recommends that they be dismissed with prejudice—that leave to amend not be granted.

////

////

////

**Conclusion – General principles regarding amendment of the complaint**

First, nothing in this order requires Plaintiff to file a first amended complaint. If Plaintiff determines that he is unable to amend his complaint to state a viable claim in accordance with his obligations under Federal Rule of Civil Procedure 11, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

However, if Plaintiff elects to proceed with this action in federal court, he is encouraged to familiarize himself with this court's Local Rules[6] and the Federal Rules of Civil Procedure. Although the Court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, and liberally construes their pleadings, pro se litigants are expected to comply with all procedural rules and court orders. Further, any amended complaint shall:

i. be captioned "First Amended Complaint";
ii. set forth his various claims in separate sections and clearly identify which Defendants are allegedly at fault for each claim (e.g., Claim I against Defendant X, Claim II against Defendant Y);
iii. under each section, list the factual allegations supporting that particular claim;
iv. include a general background facts section to orient the reader only as necessary;
v. include his statements for jurisdiction, venue, and relief sought as is necessary;
vi. address any other pleading deficiencies outlined above; and
vii. be filed within 21 days after the district judge has issued an order on these findings and recommendations.

Plaintiff is informed that the Court cannot refer to a prior complaint or other filing in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, these findings and recommendations apply to Defendant XL, who (it appears) has not yet been served with process. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally

---

[6] Available at: http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/

related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared"); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Here, all Defendants are similarly situated, as the Court's logic is applicable to Defendant XL. Further, it appears all of Plaintiff's claims are integrally related, as the entire complaint pertains to the same dispute. (See, generally, ECF No. 1.) Therefore, dismissal is appropriate as to all Defendants.

## **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 11) be GRANTED;
2. Plaintiff be granted leave to amend his race discrimination and retaliation claims, as outlined above;
3. Plaintiff's "Equal Pay Act" and "Whistleblower Protection Act" claims be DISMISSED WITHOUT LEAVE TO AMEND;
4. Within 21 days of the district judge's order (which will come after the expiration of the objection period and after the final ruling by the district judge on these F&R's), Plaintiff be ordered file either (a) a first amended complaint or (b) a request for voluntary dismissal of the action without prejudice; and
5. Plaintiff be informed that failure to timely comply with these recommendations and the district court's order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 31, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

coll.1530